UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. EDWARDS, | No. 2:21-cv-0259-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| M. KUERSTEN, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons stated below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Edwards v. C.S.P. Solano*, No. 2:09-cv-

1

0275-CMK (E.D. Cal.), ECF No. 14 (May 20, 2009 order dismissing action for failure to state a claim upon which relief could be granted); (2) *Edwards v. C.S.P. Solano*, No. 2:11-cv-3222-WBS-GGH (E.D. Cal.), ECF No. 14 (February 28, 2012 order dismissing action for failure to state a claim upon which relief could be granted); and (3) *Edwards v. C.S.P. Solano*, No. 12-15559 (9th Cir.) (December 14, 2012 order dismissing appeal as "so insubstantial as to not to require further argument," i.e., as frivolous[1]), following the district court's order that "Plaintiff's appeal is frivolous and not taken in good faith," (*see Edwards v. C.S.P. Solano*, No. 2:11-cv-3222-WBS-GGH (E.D. Cal.) (ECF No. 20)).[2]

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). In this case, plaintiff alleges that he has been trying for a year to get a lower bunk chrono because he has REM sleep disorder and feels unsafe sleeping in an upper bunk because of the potential risk of falling. ECF No. 1 at 2-5. These allegations fail to demonstrate that plaintiff was under an imminent danger of serious physical injury when he filed this action. Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, IT IS ORDERED that the Clerk randomly assign a United States District Judge to this action.

/////

---

[1] *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (defining "frivolous" as "of little weight or importance").

[2] *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (dismissed appeals counted as strike where district court certified that appeals were not taken in good faith) (citing *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (appeal not taken in good faith is equivalent to a finding of frivolity); *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1261 (2008) (likening a summary dismissal of an appeal as "insubstantial" to the dismissal of a "frivolous" complaint); *Robinson v. Superior Court*, No. 2:17-2779-PSG-JC, 2017 U.S. Dist. LEXIS 204344, *21-24 (C.D. Cal. May 24, 2017) (reasoning that the Ninth Circuit's characterization of a plaintiff's questions on appeal as "insubstantial" shows that appellate court "ultimately considered the . . . [a]ppeal to be frivolous.")).

Further, because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, IT IS RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the $402 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 9, 2021.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE