UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. EDWARDS, | No. 2:21-cv-0259-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| M. KUERSTEN, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has paid the filing fee. Nevertheless, the court must screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

<u>Screening Requirements</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

1 meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*,
2 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute*
3 *on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490
4 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,
5 has an arguable legal and factual basis.  *Id.*

6 "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
7 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
8 what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S.
9 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
10 However, in order to survive dismissal for failure to state a claim, a complaint must contain more
11 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
12 allegations sufficient "to raise a right to relief above the speculative level."  *Id.* (citations
13 omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that
14 merely creates a suspicion [of] a legally cognizable right of action."  *Id.* (alteration in original)
15 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d
16 ed. 2004)).

17 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
18 relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*
19 *Corp.*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content
20 that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged."  *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556).  In reviewing a complaint
22 under this standard, the court must accept as true the allegations of the complaint in question,
23 *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading
24 in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v.*
25 *McKeithen*, 395 U.S. 411, 421 (1969).

26 <u>Screening Order</u>
27 Liberally construed, the complaint (ECF No. 1) alleges the following: Plaintiff has a heart
28 condition and a sleep disorder.  *Id.* at 2.  If plaintiff suffers another heart attack or a serious sleep

episode (such as a violent dream), he could fall several feet to the concrete floor while sleeping. *Id.* Although plaintiff is physically able to climb up to the top bunk, it is not safe from him to sleep there. *Id.* For this reason, plaintiff's primary care provider attempted to secure a lower bunk chrono for plaintiff. *Id.* at 3. However, the Chief Medical Officer at California State Prison, Solano (defendant Kuersten), blocked this recommendation. *Id.* In denying plaintiff's administrative appeal, Dr. Kuersten noted that plaintiff's sleep disorder is "not recognized as a medical condition that would necessitate a [lower bunk chrono.]" *Id.* at 4, 13-15. Dr. Kuersten allegedly also repeated a "false claim" that plaintiff's sleep disorder is "asymptomatic." *Id.*

Plaintiff likens his sleep disorder to epilepsy, a condition which the California Department of Corrections and Rehabilitation ("CDCR") routinely accommodates with a lower bunk chrono. Plaintiff has also documented numerous injuries attributable to his sleep disorder. *Id.* at 3.

As relief, plaintiff requests that he be accommodated with a lower bunk chrono to protect him from the potential risk of falling from an upper bunk. *Id.* at 5. *See Ross v. Stinewand*, No. CV 14-5291-RGK (KK), 2014 U.S. Dist. LEXIS 115755, at *6 (C.D. Cal. Aug. 18, 2014) ("Plaintiff is presumably suing [defendant] in [his] official capacity because he seeks injunctive relief . . . .").

As explained below, plaintiff's allegations are insufficient to survive screening.

To start, there are no constitutional requirements regarding how a grievance system is operated, even if plaintiff believes it to be inaccurate or unfair. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Thus, Dr. Kuersten's role as a reviewer of plaintiff's administrative appeal is not a legitimate basis for liability.

To pursue an Eighth Amendment claim of deliberate indifference against Dr. Kuersten, plaintiff must plead facts showing more than just a difference of opinion. "Prison officials are indifferent to prisoners' serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992). To establish deliberate indifference with respect to a physician's treatment decision, a plaintiff must allege that "the course of treatment the doctors chose was medically unacceptable under the circumstances,

3

and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations and quotation marks omitted). Mere differences of medical opinion are insufficient to establish deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Here, there are no allegations suggesting that Dr. Kuersten acted with a culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The required indifference for an Eighth Amendment claim must be substantial; mere malpractice, or even gross negligence, does not constitute cruel and unusual punishment. *Estelle*, 429 U.S. at 106.

In any amended complaint, plaintiff must plead facts showing that a defendant responded to his medical needs with the deliberate indifference required of an Eighth Amendment claim. Alternatively, if plaintiff believes that it is CDCR's policy regarding lower bunk chronos that exposes him to an unreasonable risk of harm, he may so allege in any amended complaint, i.e., by identifying a specific policy and alleging facts showing that it exposes him to a substantial risk of serious harm.

<u>Leave to Amend</u>

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

/////

1    Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See
2 *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

3    Any amended complaint must be written or typed so that it so that it is complete in itself
4 without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended
5 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
6 earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114
7 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
8 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
9 1967)).

10    Finally, the court notes that any amended complaint should be as concise as possible in
11 fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of
12 procedural or factual background which has no bearing on his legal claims.

## Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's complaint is DISMISSED with leave to amend within 30 days from the date of service of this order; and
2. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: April 7, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE