UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. EDWARDS,<br><br>  Plaintiff,<br><br>  v.<br><br>M. KUERSTEN,<br><br>  Defendant. | No.  2:21-cv-0259-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Currently before the court is plaintiff's September 23, 2021 motion for a temporary restraining order[1] and preliminary injunction.  ECF No. 18.  Defendant opposes the motion.  ECF No. 23.  For the reasons that follow, the motion must be denied.

Background

This action proceeds on plaintiff's Eighth Amendment deliberate indifference to medical needs claim against defendant M. Kuersten.  ECF No. 12.  Plaintiff claims that Kuersten, the Chief Medical Officer at California State Prison, Solano ("CSP, Solano") will not assign him to a lower bunk even though he suffers from a sleep disorder that can cause him to fall out of bed while he is sleeping.  ECF No. 11.  In his request for relief, plaintiff requests that the court "order

---

[1] Plaintiff renewed his request for a temporary restraining order on October 25, 2021. ECF No. 26.

1

defendant to have plaintiff assigned to a lower bunk [ ] for the duration of his incarceration." *Id.* at 3.

Plaintiff's motion takes the form of a two-and-a-half-page declaration signed by plaintiff. ECF No. 18. He states that on September 16, 2021, he was informed that he would be transferred to another prison within fourteen days. *Id.* at 1. Plaintiff was told he is being transferred from his dormitory housing into a Level II prison with cells and doors as a safety precaution necessitated by plaintiff's refusal to be vaccinated against COVID. *Id.* at 2. However, plaintiff believes that the transfer is in retaliation for his filing of this lawsuit. *Id.* Plaintiff requests that the court enter an order to prevent him from being transferred. *Id.* at 3.

Plaintiff states that the transfer will cause him irreparable harm because (1) he will be deprived of his right to depose defendant "should that become necessary," (2) he will be put in harm's way by being assigned to a top bunk upon transfer, and (3) that he is unlikely to receive his heart medication at a non-medical facility. *Id.* at 1.

Plaintiff's motion suggests that since filing this lawsuit, he has been assigned to a lower bunk. *See id.* at 2-3 ("CSP Solano has already attempted to have Plaintiff moved to a top bunk. Fortunately, plaintiff was able to convince custody staff to stop that move by showing them this action is already in progress, without seeking an injunction.").

On October 21, 2021, plaintiff filed a "Notice of Pending Transfer." ECF No. 22. He states that on October 20, 2021, he was informed that he would be transferred on that day. *Id.*

With his opposition, defendant submitted the declaration of L. Carlock, Classification and Parole Representative at CSP, Solano. ECF No. 23-2. Carlock states that plaintiff was scheduled to be transferred on October 20, 2021 in accordance with a policy affecting unvaccinated inmates with a COVID Weighted Risk Score ("CWRS") (based upon an inmate's medical case factors) of three or higher. Id. ¶¶ 3, 6. Carlock states that plaintiff's transfer was solely for the purpose of complying with this policy, meant to protect unvaccinated inmates with a CWRS of three or higher and housed in a dorm setting or a cell without a solid door front, because they are especially vulnerable to COVID-19. *Id.* ¶ 3. Carlock states that plaintiff refused to be transferred. *Id.* ¶ 6.

Legal Standards

"In deciding whether to grant a motion for TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction." *Innovation Law Lab v. Nielsen*, 310 F. Supp. 3d 1150, 1156 (D. Or. 2018). A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7 (2008)). The U.S. Court of Appeals for the Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Discussion

Plaintiff has made no substantive effort to establish that he is likely to succeed on the merits of his case. To the contrary, the motion is premised on alleged retaliation and not defendant's deliberate indifference to plaintiff's need for a lower bunk. The motion also introduces an alleged need for heart medication, another issue that is not the subject of this

action.[2] Furthermore, the motion reveals that plaintiff is currently assigned to a lower bunk, potentially rendering this action – which seeks only injunctive relief and costs – moot.

Plaintiff also fails to show that he will suffer imminent and irreparable harm in the absence of the requested relief. Plaintiff claims he will suffer three harms if transferred. First, is his inability to depose defendant "should that become necessary." ECF No. 18 at 1. It is entirely speculative to say that because of a transfer, plaintiff will be prevented from deposing the defendant. Defendant has not yet responded to plaintiff's complaint and the court has not issued a discovery and scheduling order. Thus, it remains to be seen whether this case even proceeds to discovery. Further, any potential injury would not be irreparable, as the Federal Rules of Civil Procedure allow for other means of discovery, such as requests for admission, requests for production, interrogatories, and depositions by written question. The other two harms identified by plaintiff – that he will be assigned to a top bunk and that he will be transferred to a non-medical facility that will not have his heart medication – are wholly unsubstantiated. Even so, there is no showing that these circumstances would cause plaintiff imminent and irreparable harm. By his own admission, plaintiff's sleep condition is "'stable,' or not getting progressively worse," and his episodes of falling are infrequent (five times over the course of twelve months). As for the heart medication, plaintiff claims it is "new and expensive." ECF No. 18. There is no indication that alternative medications would be unavailable or would cause plaintiff to suffer imminent and irreparable harm.

For these reasons, plaintiff's motion must be denied.

/////

/////

/////

/////

---

[2] Generally, such unrelated allegations must be pursued through the prison administrative process and then litigated in a separate action. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011).

Conclusion

Accordingly, it is hereby RECOMMENDED that plaintiff's September 23, 2021 motion for a temporary restraining order and preliminary injunction (ECF No. 18) and renewed request for a temporary restraining order (ECF No. 26) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 15, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE