UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. EDWARDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. KUERSTEN,<br><br>　　　　Defendant. | No. 2:21-cv-00259-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983. Defendant argues that the case should be dismissed because, among other things, the complaint fails to state a claim. ECF No. 33. For the reasons that follow, the motion should be granted as to plaintiff's claim for injunctive relief and otherwise denied.

**I.      Plaintiff's Allegations**

In his amended complaint, plaintiff alleges that he suffers from REM sleep disorder. ECF No. 11 at 4. The condition causes individuals who suffer from it to "act out their dreams while sleeping." *Id.* "Symptoms include kicking, punching, arm flailing, or jumping from the bed." *Id.* Because plaintiff experienced about six episodes of REM sleep disorder each year, his doctor at CSP-Solano told plaintiff that he would advocate for plaintiff to be assigned a "lower bunk chrono" (a document that would direct prison staff not to assign plaintiff to a top bunk). *Id.*

Because of his fear that he would fall out of bed and be injured during an episode of the disorder, plaintiff sought a permanent lower bunk chrono. *Id.* at 12. The institution's Reasonable

Accommodations Panel (RAP) denied the request. *Id.* at 15. Plaintiff appealed that denial, but defendant (the chief medical executive of the prison) upheld it. *Id.* at 15-17. In doing so, defendant referenced and quoted plaintiff's medical records, stating that they indicated that plaintiff did not need a lower bunk chrono at this time because his REM sleep disorder was asymptomatic. *Id.* at 15-16.

Plaintiff claims that defendant misrepresented his medical records. *Id.* at 4. "Exhibit B is dated April 22, 2020 and documents a REM Sleep Disorder episode, and yet only five months later on September 1, 2020 Defendant denies any recent documentation." *Id.* Exhibit B consists of plaintiff's April 22, 2020 "Reasonable Accommodation Request" in which he wrote, "Last night I fell halfway out of bed in my sleep, injuring my neck and shoulder. This is the fifth episode I have had in the last 12 months." *Id.* at 12.

**II.     The Motion to Dismiss**

    A. *Legal Standards Governing Motions to Dismiss*

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984). In resolving a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to
/////

the plaintiff and accept all well-pleaded factual allegations as true (and any reasonable inference supported by the facts). *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

B. *Analysis*

Defendant first argues that the court should consider plaintiff's grievance challenging the denial of the bottom bunk chrono because it is incorporated by reference into the complaint. According to defendants, the grievance shows that defendant did not deny plaintiff the chrono, but rather the RAP denied it. Even accepting defendant's premise that the grievance is incorporated by reference into the complaint, the court must reject defendant's consequent argument that defendant, in his role reviewing plaintiff's grievance of the RAP's decision, could not be held liable for any alleged deliberate indifference. "[A]ppellate examiners have the ability to end the ongoing constitutional violation alleged by the prisoner in the grievance; by not doing so the appellate reviewer may act in deliberate indifference to the continuation of the constitutional violation." *Estrada v. Macias*, No. 1:15-cv-01292-AWI-SAB (PC), 2017 U.S. Dist. LEXIS 46942, at *6 (E.D. Cal. Mar. 28, 2017) (citing *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) and *Gonzalez v. Ahmed*, 67 F. Supp. 3d 1145, 1155-56 (N.D. Cal. 2014)).

Defendant next argues that plaintiff's amended complaint does not show that he purposefully disregarded an excessive risk of harm to plaintiff by failing to reverse the RAP decision; rather, according to defendant, the complaint merely alleges plaintiff's disagreement with defendant's medical decision. To succeed on an Eighth Amendment claim predicated on allegedly deficient medical care, a plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or

the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. A deliberately indifferent response may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care was provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The amended complaint sufficiently alleges that, due to plaintiff's condition, placement in an upper bunk presented an excessive risk of harm to plaintiff: "Plaintiff suffers from REM Sleep Disorder, a condition that is documented and known to cause Plaintiff to fall out of bed while sleeping. For this reason, sleeping on a top bunk would be an excessive risk of harm to Plaintiff, as a reasonable medical officer would know." ECF No. 11 at 4. According to plaintiff, "Defendant's action of denying Plaintiff the reasonable accommodation of a lower bunk only chrono . . . [was] not a legitimate medical judgment." *Id.* at 5. These allegations, although disputed, suffice at this stage to state a deliberate indifference claim against defendant.

The court must reject defendant's argument that the complaint should be dismissed because the exhibits attached to plaintiff's complaint do not substantiate his claims. The fact that plaintiff's "documentation" of a recent episode of REM sleep disorder consisted of his own allegation in a grievance does not contradict his allegations of the complaint; there may well be documentation from a medical source of such an episode, or plaintiff may proceed on the theory that his self-report in the grievance gave defendant knowledge of the risk of harm that an upper bunk placement posed to plaintiff.

The court must also reject defendant's request for qualified immunity at this stage. When considering a claim for qualified immunity at the motion-to-dismiss stage, the court must ask "whether the complaint alleges sufficient facts, taken as true, to support the claim that the officials' conduct violated clearly established constitutional rights of which a reasonable officer would be aware in light of the specific context of the case." *Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018). As discussed above, the facts of the complaint are sufficient to state a claim for deliberate indifference to medical needs. The right to be free from deliberate indifference to

medical needs is, broadly stated, very well established.  But, more importantly, the specific notion that assigning a prisoner to an upper bunk when her medical needs indicate that such an assignment presents an excessive risk of harm to the prisoner may constitute deliberate indifference is also so well established that a May 16, 2022 search of the LEXIS database with the parameters [("bottom bunk" or "lower bunk") and "deliberate indifference"] resulted in 1,275 cases in the Ninth Circuit alone.  *E.g.*, *Doreh v. Rodriguez*, 723 Fed. Appx. 530 (9th Cir. 2018); *Barnard v. Lewis*, 1994 U.S. App. LEXIS 6443 (9th Cir. 1994).  Thus, a reasonable officer should be aware that a refusal to order lower bunk placement for an inmate whose medical needs indicate the necessity of such placement could violate the Constitution.

Defendant next argues that the court must dismiss plaintiff's claim against him in his official capacity for damages.  But plaintiff specifically asserts the damages claim against defendant "personally."  ECF No. 11 at 3.  There is no official capacity claim for damages for the court to dismiss.

Lastly, defendant argues that plaintiff's claim for an injunction ordering defendant to give plaintiff a lower bunk chrono for the duration of his incarceration must be dismissed as moot because plaintiff has been transferred to another prison.  Plaintiff does not dispute that he has been transferred from CSP-Solano; his address of record with the court indicates that he is currently housed at the Correctional Training Facility in Soledad, California.  The transfer of plaintiff to a new prison without any allegation that he has a reasonable expectation of being returned to CSP-Solano, where defendant would again have the power to provide or deny a lower bunk chrono, renders his injunctive relief claim moot.  *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986).  Accordingly, the court must dismiss the claim for injunctive relief with leave to amend to allow plaintiff the opportunity to allege that he has a reasonable expectation of being returned to CSP-Solano.

### III. Recommendation

For the reasons provided above, it is hereby RECOMMENDED that defendant's February 7, 2022 motion to dismiss (ECF No. 33) be granted as to plaintiff's claim for injunctive relief and otherwise denied, and that plaintiff be given leave to file a second amended complaint (if he so

chooses) to attempt to allege facts showing that his injunctive relief claim is not rendered moot by his transfer out of CSP-Solano.

The undersigned further recommends that plaintiff's March 21, 2022, request that the court enter default judgment against defendant (ECF No. 36) be denied. Plaintiff claims that the motion to dismiss was untimely filed, but it was filed within the time allowed by the court's December 27, 2021 order (ECF No. 33).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 13, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE