1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID E. EDWARDS,                        No. 2:21-cv-00259-DAD-EFB (PC)

12              Plaintiff,

13         v.                                  FINDINGS AND RECOMMENDATIONS

14    M. KUERSTEN and CDCR,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  This matter proceeds on his Second Amended Complaint (SAC).  ECF No. 45.

19    Now before the court is defendant Kuersten's motion to partially dismiss that complaint.  ECF

20    No. 46.  The court also addresses plaintiff's addition of the California Department of Corrections

21    and Rehabilitation (CDCR) as a defendant in the SAC.  ECF No. 45.

22    **I.    Background**

23         Plaintiff filed his original complaint against defendant Kuersten on February 10, 2021.

24    ECF No. 1.  The court dismissed the complaint, and plaintiff filed his First Amended Complaint

25    (FAC) on June 4, 2021.  ECF No. 11.  Defendant Kuersten subsequently moved to dismiss the

26    FAC, which this court granted in part and denied in part.  ECF Nos. 33, 38.  Specifically, the

27    court dismissed plaintiff's claim for injunctive relief as moot because plaintiff had been

28    /////

1

1   transferred from CSP-Solano.  Plaintiff was granted leave to amend his complaint in order to

2   allege that he has a reasonable expectation of being returned to CSP-Solano.[1]   ECF No. 38.

3          Plaintiff filed his SAC on December 21, 2022.  ECF No. 45.  In the SAC, plaintiff alleges

4   that he suffers from REM sleep disorder.  *Id.* at 4.  According to plaintiff, while he was housed at

5   CSP-Solano, he was denied, in deliberate indifference to his serious medical needs, a reasonable

6   accommodation of a lower bunk chrono.  *Id.* at 4-6.  Plaintiff also adds CDCR as a defendant, and

7   seeks injunctive relief against CDCR.  *Id.* at 3-6.

8   **II.     Motion to Partially Dismiss SAC and Additional Defendant**

9          *A.     Legal Standard for Motion to Dismiss*

10          A complaint may be dismissed for "failure to state a claim upon which relief may be

11   granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a

12   plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell*

13   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the

14   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

15   defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

16   (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability

17   requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.

18   *Iqbal*, 556 U.S. at 678.

19          Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal

20   theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d

21   at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the

22   claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).  In resolving a Rule

23   12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to

24   the plaintiff and accept all well-pleaded factual allegations as true (and any reasonable inference

25   supported by the facts).  *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

26   /////

27

28          [1] Defendant Kuersten is employed at CSP-Solano.

2

1    For purposes of dismissal under Rule 12(b)(6), the court generally considers only

2   allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

3   subject to judicial notice, and construes all well-pleaded material factual allegations in the light

4   most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710

5   F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

6         *B.      Analysis*

7    This court previously dismissed plaintiff's claim for an injunction ordering defendant

8   Kuersten to give plaintiff a lower bunk chrono for the duration of his incarceration at CSP-Solano

9   as moot.  Plaintiff had been transferred to another prison and accordingly, defendant Kuersten no

10   longer had the power to provide or deny a lower bunk chrono.  ECF No. 38.  Plaintiff was granted

11   "leave to amend to allow [him] the opportunity to allege that he has a reasonable expectation of

12   being returned to CSP-Solano."  *Id.*  Thereafter, he filed his SAC which states:

13         Plaintiff was transferred to another prison because CSP Solano changed Plaintiff's
         medical assessment from "High Risk" to "Medium Risk".  According to medical
14         staff at CTF, Plaintiff's current location, when Plaintiff turned 65 on October 8,
         2022 he became "High Risk" again.  Plaintiff's annual review is in February 2023
15         and he will be put up for transfer back to CSP Solano due to the medical
         assessment of "High Risk".  For the above reasons, of not including REM Sleep
16         Disorder in Defendants' organizations guidelines and Plaintiff's high probability
         of being returned to CSP Solano the injunctive relief sought by Plaintiff is not
17         moot.

18   ECF No. 45 at 5.  In his motion, defendant Kuersten argues that these allegations do not state a

19   claim to injunctive relief.  Defendant Kuersten also maintains that any amendment would be

20   futile, and that plaintiff should be denied leave to amend.

21    Defendant Kuersten is correct that plaintiff has not alleged facts showing a reasonable

22   expectation of being returned to CSP-Solano.  At the time plaintiff filed the SAC, plaintiff was

23   housed at the Correctional Training Facility (CTF) in Soledad, and he remains there today,

24   months after the time (February 2023) plaintiff alleges he will be put up for transfer back to CSP-

25   Solano.[2]  Plaintiff's conclusory, unsupported allegations that "he will be put up for transfer back

26   to CSP Solano" is not sufficient to allege facts showing a reasonable expectation of being

27   ─────────────────

28         [2] Plaintiff's address of record remains CTF-Soledad, and his location via the CDCR
   inmate locator website reflects the same.

returned to CSP-Solano, where defendant Kuersten would again have the power to provide or

deny a lower bunk chrono.  Nor does plaintiff cite to any CDCR regulations or medical record

that indicates he is likely to be transferred.  ECF No. 45.  As such, plaintiff's claim for injunctive

relief against defendant Kuersten remains moot, and must be dismissed.  *See Darring v.*

*Kincheloe*, 783 F.2d 874, 866 (9th Cir. 1986) (finding inmate's claim for injunctive relief moot

where he was transferred to another prison without either a "reasonable expectation" or

"demonstrated probability" that he would return to the initial prison that was the subject of his

complaint).

> C.      *Screening of SAC's Inclusion of CDCR*

Notably, plaintiff dd not argue in his opposition to defendant's motion, that he has a

reasonable expectation of being transferred back to CSP-Solano.  ECF No. 47.  Rather, he

switched his focus from defendant Kuersten to the agency itself and maintains that he is entitled

to injunctive relief against the CDCR, which he names as an additional defendant in his SAC.

Plaintiff seeks to require CDCR "to recognize REM Sleep Disorder as a medical condition that

necessitates the issuing of a lower bunk chrono" on behalf of  "any inmate housed at CDCR by

being assigned to sleep on a top bunk while suffering from REM Sleep Disorder." *Id.* at 1-2; *see*

*also* ECF No. 45 at 3.  According to plaintiff, no CDCR institution recognizes REM Sleep

Disorder as a medical condition requiring a lower bunch chrono.  *Id.* at 2.

Pursuant to 28 U.S.C. § 1915A(a), this court must screen plaintiff's claims in the SAC

against potential defendant CDCR.  To begin with, CDCR is not a "person" subject to suit under

section 1983.  *See Brown v. California Dep't of Corr.,* 554 F.3d 747, 752 (9th Cir. 2009) (finding

that "[t]he district court correctly held that the California Department of Corrections . . . [was]

entitled to Eleventh Amendment immunity.").  Thus, any claim against CDCR must be dismissed

without leave to amend.

Furthermore, plaintiff's claim for injunctive relief on behalf of all inmates, regardless of

defendant, does not "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at

570.  Pro se litigants such as plaintiff have no authority to represent anyone other than

themselves, and lack the representative capacity to file motions and other documents on behalf of

4

1   other prisoners. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-

2   lawyer 'has no authority to appear as an attorney for others than himself,'") (quoting *C.E. Pope*

3   *Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *see also Simon v. Hartford Life,*

4   *Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on

5   behalf of others in a representative capacity).  To the extent that plaintiff is bringing a claim for

6   injunctive relief on behalf of himself (ECF No. 45 at 5), however, he must name as defendant a

7   person in his or her official capacity such as the prison warden.

8   **III.      Conclusion**

9          In sum, because plaintiff has not adequately alleged that he has a reasonable expectation

10   of being returned to CSP-Solano, his claim for injunctive relief against defendant Kuersten must

11   be dismissed.  Plaintiff may seek leave to amend his complaint should he be transferred to CSP-

12   Solano during the pendency of this litigation.  For the reasons stated above, plaintiff's claims

13   against newly-named defendant CDCR must be dismissed with prejudice.  Plaintiff may not bring

14   a claim on behalf of other inmates, but to the extent plaintiff seeks injunctive relief personal to

15   him, he must name a defendant other than CDCR.

16   **IV.     Recommendation**

17          For the foregoing reasons, it is RECOMMENDED that:

18          1.      Defendant Kuersten's motion to dismiss plaintiff's claim for injunctive relief

19   against him be GRANTED.  This claim should be dismissed with leave to amend should plaintiff

20   be returned to CSP-Solano;

21          2.      Plaintiff's claims against newly-named defendant CDCR be DISMISSED WITH

22   PREJUDICE; and

23          3.      Plaintiff be given leave to amend his complaint within thirty days of any order

24   adopting these findings and recommendations, to name a proper defendant for any claim of

25   injunctive relief personal to him.

26          These findings and recommendations are submitted to the United States District Judge

27   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

28   after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: August 4, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE