UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. EDWARDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. KUERSTEN,<br><br>　　　　　Defendant. | No.  2:21-cv-00259-DAD-EFB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT KUERSTEN'S MOTION TO DISMISS AND DISMISSING NEWLY NAMED DEFENDANT CDCR<br><br>(Doc. Nos. 46, 49) |

　　　　Plaintiff David E. Edwards is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On August 4, 2023, the assigned magistrate judge issued findings and recommendations recommending that defendant Kuersten's motion to partially dismiss plaintiff's second amended complaint ("SAC") (Doc. No. 46) be granted.  (Doc. No. 49.)  Specifically, the magistrate judge concluded that plaintiff's claim for injunctive relief against defendant Kuersten in connection with the denial of a lower bunk chrono at California State Prison, Solano ("CSP-Solano") was subject to dismissal, having been rendered moot by plaintiff's transfer to the Correctional Training Facility ("CTF") in Soledad where he remains today.  (*Id.* at 3–4.)  In addition, the magistrate judge noted that in his SAC, plaintiff had named California Department of Corrections

1

and Rehabilitation ("CDCR") as a defendant in an attempt to obtain injunctive relief against the entire department. (*Id*. at 4–5.) As noted in the pending findings and recommendations, CDCR is not a person subject to suit under § 1983. (*Id.* at 4.) Accordingly, the magistrate judge recommended that any claim brought by plaintiff against CDCR be dismissed without leave to amend, but that defendant be granted leave to amend his claim for injunctive relief in the event he is able to name as a defendant person acting in their official capacity such as a warden. (*Id*. at 5.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id*. at 5–6.) Plaintiff has not filed any objections to the pending findings and recommendations and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on August 4, 2023 (Doc. No. 49) are adopted in full;

2. Defendant's motion to dismiss plaintiff's claim for injunctive relief as to defendant Kuersten (Doc. No. 46) is granted without prejudice to its renewal should plaintiff be returned to CSP-Solano;

3. Plaintiff's claim asserted in his SAC against newly named defendant CDCR is dismissed with prejudice;

4. Plaintiff is granted leave to amend his complaint for the limited purpose of naming a proper defendant for any claim of injunctive relief personal to him (such as the warden at his current institution of confinement) in the event he is able to do so. Any third amended complaint that plaintiff may elect to file must be filed within thirty (30) days of the date of this order and a failure to file a third amended complaint within the time provided will result in an order dismissing this action; and

5. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **September 5, 2023**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE